**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| BERTHA GRIFFITH, a single woman, ) | NO. 69763-3-I |
| ) | |
| Appellant, ) | DIVISION ONE |
| ) | |
| v. ) | |
| ) | UNPUBLISHED OPINION |
| EDMONDS SCHOOL DISTRICT, a ) | |
| Government Entity in the State of ) | |
| Washington; and JOHN DOE and ) | |
| JANE DOE, a marital community, ) | |
| ) | |
| Respondents. ) | FILED: April 28, 2014 |
| _____ ) | |

2014 APR 28 AM 10: 38

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

LEACH, J. — Bertha Griffith appeals the trial court's order granting summary judgment to Edmonds School District (District), claiming that she suffered injuries after a District school bus struck the Community Transit DART[1] bus in which Griffith was a passenger. Because genuine issues of material fact remain as to whether or not the school bus hit the DART bus, we reverse and remand for further proceedings.

## FACTS

On the afternoon of February 22, 2008, Bertha Griffith was the only passenger in a DART bus when driver David Hurley parked on the side of the

[1] "DART" is an acronym for "Dial-A-Ride Transportation," a service established by a contract between Community Transit and Senior Services of Snohomish County. DART's wheelchair-accessible vehicles provide transportation to people whose disability or health condition prevents them from using the regular fixed-route bus service.

road to allow her to exit. After Hurley parked, a District school bus passed the DART bus. As the school bus passed, Hurley felt the bus "rock," and Griffith, who had stood up to exit, lost her balance. Hurley asked Griffith "if she was okay, and she said that she was fine." Neither Hurley nor Griffith saw the school bus strike the DART bus.

School bus driver Lynette Wilson pulled to the side of the road some distance in front of the DART bus to drop off her five remaining students. Hurley walked over to the school bus and told Wilson that "maybe there was an incident back there." Hurley said that the school bus caused the DART bus to "make a movement," that he had "heard a click," and "maybe, possibly, that some contact had been made with the mirror."

Both drivers called their supervisors and the police, who all came to the scene. The police filed no report and issued no citations. Wilson's supervisor instructed her to finish her regular route and did not require her to submit to a urinalysis. Hurley's supervisor drove Griffith to her apartment in his car.

Wilson completed a motor vehicle accident report, in which she wrote,

> As I passed I must have tapped his mirror with mine. I had to go down the middle of the street to avoid both vehicles. I was also in my mirror correcting 3 rowdy boys. I had 5 students on, which I dropped because I did not realize I tapped his mirrors.

In the sections describing damage and injuries, Wilson wrote "none." Shortly after the accident, Griffith visited a physician, who diagnosed a "right shoulder

injury with symptomatic pain. . . . likely caused in part by the February 22, 2008 collision that occurred while Ms. Griffith was riding a DART bus." On April 21, 2011, Griffith filed this negligence lawsuit. On December 7, 2012, the trial court granted the District's motion for summary judgment and dismissed with prejudice all of Griffith's claims.

## STANDARD OF REVIEW

This court reviews de novo an order granting summary judgment, engaging in the same inquiry as the trial court.[2] Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[3] A material fact is one upon which the outcome of the litigation depends.[4] In determining whether a genuine issue of material fact exists, this court construes the facts and reasonable inferences from them in the light most favorable to the nonmoving party.[5] The moving party bears the initial burden of showing the absence of an issue of material fact.[6] If the moving party meets this initial showing and is a defendant, the burden shifts

---

[2] Hayden v. Mut. of Enumclaw Ins. Co., 141 Wn.2d 55, 63-64, 1 P.3d 1167 (2000).

[3] CR 56(c).

[4] Graham v. Concord Constr., Inc., 100 Wn. App. 851, 854, 999 P.2d 1264 (2000) (citing Doe v. Dep't of Transp., 85 Wn. App. 143, 147, 931 P.2d 196 (1997)).

[5] Gossett v. Farmers Ins. Co. of Wash., 133 Wn.2d 954, 963, 948 P.2d 1264 (1997).

[6] Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

to the plaintiff.[7] "Where different competing inferences may be drawn from the evidence, the issue must be resolved by the trier of fact."[8]

ANALYSIS

Griffith claims that she suffered injuries because Wilson and the District negligently operated the school bus, causing a collision. To prove negligence, Griffith must show (1) that the District and Wilson owed her a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause.[9] "The existence of a duty is a question of law, while breach and proximate cause are generally questions of fact for a jury."[10]

In a vehicle accident case, both drivers have a duty to exercise ordinary care.[11] Every person using a public street or highway has a duty to exercise ordinary care to avoid placing others in danger and to avoid a collision.[12] A driver who fails to exercise ordinary care breaches the duty owed to another.[13] If any

---

[7] Young, 112 Wn. 2d at 225.

[8] Johnson v. Spokane to Sandpoint, LLC, 176 Wn. App. 453, 457-58, 309 P.3d 528 (2013) (citing Kuyper v. Dep't of Wildlife, 79 Wn. App. 732, 739, 904 P.2d 793 (1995)).

[9] Bowers v. Marzano, 170 Wn. App. 498, 505-06, 290 P.3d 134 (2012) (citing Degel v. Majestic Mobile Manor, Inc., 129 Wn.2d 43, 48, 914 P.2d 728 (1996)).

[10] Bowers, 170 Wn. App. at 506.

[11] Hammel v. Rife, 37 Wn. App. 577, 581, 682 P.2d 949 (1984).

[12] 6 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 70.01, at 506 (6th ed. 2012).

[13] See Mathis v. Ammons, 84 Wn. App. 411, 416, 928 P.2d 431 (1996).

evidence tends to show that the driver failed to comply with the required standard of care, then the question of negligence must be left to the jury.[14]

Griffith presents evidence that Wilson did not exercise ordinary care while driving the school bus. On the District motor vehicle accident report, Wilson wrote, "I must have tapped [the DART bus] mirror with mine." She also wrote in the report and stated in her deposition that around the time she passed the bus, she was looking in her rearview mirror and correcting three rowdy boys and that she misjudged the distance.

The District argues that no evidence shows it breached a duty to Griffith because the record contains no physical evidence of contact between the two buses. No one saw the buses make contact, and Wilson felt no contact. No subsequent inspection disclosed any evidence of physical contact. After inspecting the buses, Hurley's supervisor concluded that the DART bus rocked because of air movement as the school bus passed.

The District dismisses Wilson's statement that she must have tapped the other bus's mirror as speculation and not evidence. The District cites no authority to support this contention. Instead, the District offers explanations why Wilson would make her statement while lacking any knowledge that a contact occurred. Succinctly stated, the District claims that Wilson's statement alone

---

[14] Walter v. King County Metro, 126 Wn. App. 904, 908, 109 P.3d 836 (2005).

cannot create an issue of fact in the absence of any corroborating physical evidence.

With this argument, the District invited the trial court to weigh what is admittedly substantial evidence in support of its position against the slender reed of Wilson's statement. A jury must perform this task, not a court on summary judgment. Because the parties present evidence showing a disputed issue of material fact—whether or not the school bus hit the DART bus—summary judgment was improper.

## CONCLUSION

Because Griffith presents evidence showing a genuine issue of material fact as to whether the District and Wilson negligently operated the school bus, we reverse the trial court's grant of summary judgment to the District and remand for further proceedings.

_Leach, J._

WE CONCUR:

-6-